UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ROBERTO BERAS                   :        CIVIL ACTION 2:17-cv-457
    REG. #45865-054                          SECTION P

VERSUS                          :        JUDGE: UNASSIGNED

CARVIN JOHNSON
A/K/A IRVIN JOHNSON              :        MAGISTRATE JUDGE KAY

REPORT AND RECOMMENDATION

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Roberto Beras ("Beras"). Beras is in the custody of the Federal Bureau of Prisons and is currently incarcerated at Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. However, at the time of filing, he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

On December 4, 2000, a jury in the United States District Court for the Southern District of New York convicted Beras of 82 counts, including conspiracy to launder money, conspiracy to structure transactions and avoid currency reporting requirements, money laundering, and causing a financial institution to fail to file a currency transaction report. *United States v. Beras*, No. 1:99-

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). The district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Id.* at 373–74; *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2722–23 (2004). Since Beras was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.

cr-00075 (S.D.N.Y.). On November 21, 2001, the district court sentenced Beras to 292 months imprisonment. *Id.* at doc. 69. His conviction and sentence were affirmed on appeal [*Id.* at docs. 71, 72], and the Supreme Court denied certiorari. *Beras v. United States*, 124 S.Ct. 1441 (2004). In 2005, Beras filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by the district court in New York on March 20, 2013. *See Beras v. United States*, 2013 WL 1155415 (S.D.N.Y. Mar. 20, 2013). On August 7, 2013, the United States Court of Appeals for the Second Circuit denied Beras's motion for a certificate of appealability and dismissed his appeal. *Beras*, No. 1:99-cr-00075, doc. 160. On December 9, 2014, Beras's motion for leave to file a successive § 2255 was denied by the Second Circuit. *Id.* at doc. 166.

The instant petition is the fourth of five *habeas* petitions filed by Baras pursuant to § 2241.[2] His first § 2241 petition was filed on March 27, 2012, and denied on July 2, 2012. *Beras v. Farley*, 4:12-cv-738 (N.D. Ohio), doc. 4. The United States Court of Appeals for the Sixth Circuit affirmed the district court's decision. *Id.* at doc. 9. Beras filed his second § 2241 petition on April 30, 2013, in the Northern District of Ohio, Western Division. *See Beras v. Coakley*, 4:13-cv-971 (N.D. Ohio). The district court denied the petition on October 2, 2013. *Id.* at doc. 6. The Sixth Circuit affirmed the district court's decision. *Id.* at doc. 15.

Beras filed the current § 2241 petition claiming, as he has previously,[3] that his constitutional rights were violated when the prosecutor, trial court, and his trial counsel allowed a New York City police officer to serve as a juror in his case. Doc. 1, p. 2; *see* doc. 1, att. 1. Beras

---

[2] Beras currently has two other § 2241 petitions pending. *See Beras v. Johnson*, 2:17-cv-276 (W.D. La.) and *Beras v. S.M. Kuta*, 3:17-cv-116 (W.D. Penn.).

[3] This issue was discussed at length, as a claim of ineffective assistance of counsel, in proceedings relating to Beras's original § 225 motion, *Beras v. United States*, 05-cv-2678 (S.D.N.Y. June 4, 2013), doc. 33; 2013 WL 2420748. Therein, the court found Beras' claims without merit, and it denied his motion for reconsideration of its ruling denying his § 2255 motion. The Second Circuit Court of Appeal dismissed Beras' appeal of same. *Beras v. U.S.*, 05-cv-2678, at doc. 40.

also contends that "during deliberations, the police officer interjected prejudicial inferences and interferences on one occasion being admonished by the trial court." Doc. 1, att. 1, p. 2. He maintains that "the district court denied this claim based on the legality of the Jury Selection and Service Act. Thus, the failure to allow for some form of collateral review would raise serious constitutional questions, because § 1862(b)(6) of Title 28, United States Code is mandatory and constitutional." Doc. 1, p. 5.

As relief, Beras seeks release from imprisonment. *Id*. at 4.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Here, Beras collaterally attacks his incarceration by arguing errors with regard to his federal conviction, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

An application for writ of *habeas corpus* brought under § 2241 may be properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877–78. The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence

to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830.

A remedy under § 2255 is not necessarily inadequate or ineffective simply because a petitioner has previously been denied relief under that section, is unable to meet the second or successive requirement (*Jeffers*, 253 F.3d at 830) or is barred from seeking it under the one-year limitations period. *See Pack v. Yusuff*, 218 F.3d 448, 452–53 (5th Cir. 2000) (rejecting argument that procedural bar of one-year limitations in § 2255 rendered remedy inadequate). However, a petitioner can fulfill the savings clause's standards and meet the burden of establishing an ineffective or inadequate remedy if he satisfies the following factors: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Beras' allegations are insufficient to invoke the savings clause. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in a motion to vacate. He thus fails to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction.

### III.
#### CONCLUSION

Beras's allegations are insufficient to invoke the savings clause. Since he has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks

jurisdiction to consider his claims under § 2255. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED** that the application for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be dismissed with prejudice as to the jurisdictional issues only and without prejudice in all other respects.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE